FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 05, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:19-cr-06007-SMJ-03 |
| Plaintiff, | |
| v. | **PROTECTIVE ORDER** |
| BRANDON C. CAMPBELL (03), | |
| Defendant. | |

Before the Court, without oral argument, is the United States' Motion to Disclose Pre-Indictment Pleadings for Discovery But Not Unsealing and for Protective Order, ECF No. 51, and related motion to expedite, ECF No. 52. The Government informs the Court that it must disclose information in order to meet its disclosure obligations. *Id.* However, it requests that the search warrants relating to the investigation in this case, which have been filed under seal, remain sealed to public access in order to protect ongoing investigations and alleviate safety concerns. *Id.* at 2. The Government seeks authorization to disclose the sealed documents to defense counsel without disturbing the sealed nature of the documents. Moreover, the investigation involves multiple victims including a minor. *Id.* The Government simultaneously seeks a protective order relating to the

PROTECTIVE ORDER - 1

minor victim pursuant to 18 U.S.C. § 3509(d)(3)(B)(ii), as well as broader prohibitions to ensure that Defendant Brandon C. Campbell (03) diligently protects the disclosure of sealed information. *Id.* at 3, 5–6.

Defendant has not filed an opposition to the motion. *See* LCrR 47; LCivR 7(i)(2)(C) ("A response memorandum to an expedited motion is due the day before the hearing set for the expedited motion."). Having reviewed the motion and the file in this matter, the Court is fully informed and grants the motion.

Accordingly, **IT IS HEREBY ORDERED** that the United States' Motion to Disclose Pre-Indictment Pleadings for Discovery But Not Unsealing and for Protective Order, **ECF No. 51**, and related motion to expedite, **ECF No. 52**, are **GRANTED**.

The Court finds that a protective order pursuant to 18 U.S.C. § 3509(d) is necessary in this case. Accordingly, the Court enters the following protective order:

**IT IS FURTHER ORDERED** that the privacy protection measures mandated by 18 U.S.C. § 3509(d), when a case involves a person under the age of eighteen years who is alleged to be a victim of a crime or a witness to a crime committed against another person, apply to this case, thus;

**IT IS FURTHER ORDERED** that all persons acting in this case in a capacity described in 18 U.S.C. § 3509(d)(1)(B), shall follow and abide by the privacy protections of 18 U.S.C. § 3509(d)(1) and (2) as follows:

(d) Privacy protection.—

    (1) Confidentiality of information.—

        (A) A person acting in a capacity described in subparagraph (B) in connection with a criminal proceeding shall—

            (i) keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access; and

            (ii) disclose documents described in clause (i) or the information in them that concerns a child only to persons who, by reason of their participation in the proceeding, have reason to know such information.

        (B) Subparagraph (A) applies to—

            (i) all employees of the Government connected with the case, including employees of the Department of Justice, any law enforcement agency involved in the case, and any person hired by the Government to provide assistance in the proceeding;

            (ii) employees of the court;

            (iii) the defendant and employees of the defendant, including the attorney for the defendant and persons hired by the defendant or the attorney for the defendant to provide assistance in the proceeding; and

      (iv) members of the jury.

 (2) Filing under seal.—All papers to be filed in court that disclose the name of or any other information concerning a child shall be filed under seal without necessity of obtaining a court order. The person who makes the filing shall submit to the clerk of the court—

  (A) the complete paper to be kept under seal; and

  (B) the paper with the portions of it that disclose the name of or other information concerning a child redacted, to be placed in the public record.

18 U.S.C. § 3509(d)(1) and (2).

**IT IS FURTHER ORDERED** under 18 U.S.C. § 3509(d)(3) that any alleged minor victim will be referred to either by initials or a pseudonym, whichever is agreed upon by counsel for the United States and Defendant. Counsel shall be consistent in their use of the identifier selected. The parties shall prepare their witnesses and instruct them to refer to the alleged minor victims only by using the agreed pseudonyms (e.g., "Jane Doe 1," "Jane Doe 2," etc.), rather than their names, in opening statements and in closing arguments.

**IT IS FURTHER ORDERED** that the United States is permitted to disclose the following search warrants that are all currently sealed by the Court (hereinafter "Protected Discovery") to counsel for the above referenced Defendant pursuant to its discovery obligations:

PROTECTIVE ORDER - 4

the search warrant in case number **1-18-mj-04168-MKD**;

the search warrant in case number **4-18-mj-07191-MKD**;

the search warrant in case number **4:18-mj-07193-MKD**;

the search warrant in case number **1:19-mj-04012-MKD**; and

**any additional search warrants obtained that are filed under seal and would constitute discovery in this case**.

The Court finds that the need for confidentiality of information contained in the search warrants outweighs the public's interest in disclosure. Accordingly, applications, orders, and the warrants themselves shall otherwise remain sealed by the Court.

**IT IS FURTHER ORDERED** that:

 1. The Government will provide discovery materials (including Protected Discovery) on an ongoing basis to defense counsel;

 2. Defense counsel may possess but not copy (excluding the production of necessary working copies) the discovery materials, including sealed documents;

 3. Defense counsel may show to, and discuss with, Defendant the discovery material, including sealed documents;

 4. Defense counsel shall not provide original or copies of discovery materials directly to Defendant;

5. Defense counsel shall not otherwise provide original or copies of the discovery material to any other person, including subsequently appointed or retained defense counsel, but excluding any staff of defense counsel or investigator and/or expert engaged by defense counsel, who will also be bound by the terms and conditions of this protective order;

6. The Government, defense counsel, and witnesses may reference the existence and content of sealed discovery material in open and closed court proceedings relevant to the Indictment in case number 1:19-cr-06007-SMJ; provided however, any reference to the **contents** of Protected Discovery shall be filed under seal.

7. The parties may seek relief from this Order for good cause shown.

**IT IS FURTHER ORDERED** that counsel shall remind all persons providing assistance on this case of these obligations.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 5th day of April 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge