Case 4:19-cr-06007-SMJ    ECF No. 177    filed 09/21/20    PageID.1883    Page 1 of 19

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 21, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERY SAMUEL TILLMAN (01),<br>and BRANDON C. CAMPBELL (03),<br><br>Defendants. | No.  4:19-cr-06007-SMJ-01<br>        4:19-cr-06007-SMJ-03<br><br>**RESTITUTION AND<br>FORFEITURE ORDER** |

Robert Samuel Tillman (01) and Brandon C. Campbell (03) pleaded guilty to sex-trafficking offenses defined under 18 U.S.C. §§ 1591, 1594(c). Section 1593(a) thus requires the Court to impose restitution. Following the Defendants' change of plea, the Government requested restitution as well as a forfeiture money judgment. The Government also asks the Court to impose joint and several liability on both awards.

Tillman and Campbell dispute the proper amount of restitution owed to the victims, W.A., E.C., and V.V. They also challenge the Government's request for forfeiture in the form of a personal money judgment. Finally, all parties debate whether the Court should impose joint and several liability on W.A. and E.C.'s

RESTITUTION AND FORFEITURE ORDER – 1

restitution award and whether the Court should impose joint and several liability on any forfeiture award the Court might deem appropriate. The parties fully briefed and argued the matter, and the Court finds it ripe for disposition.

## BACKGROUND

Tillman and Campbell trafficked minor victims in a prostitution scheme that involved posting ads on websites like Backpage.com, Cityxguide.com, and Adultsearch.com, booking hotel rooms for "dates," facilitating and monitoring the dates, and collecting the money the victims earned through prostitution. *See*, *e.g.*, ECF Nos. 172-1, 172-3 & 172-4. Following a grand jury indictment, Tillman pleaded guilty to one count of sex trafficking by force, fraud, or coercion in violation of 18 U.S.C. § 1594(c). *See* ECF Nos. 96, 94 & 137. Campbell pleaded guilty to one count of sex trafficking by force, fraud, or coercion in violation of 18 U.S.C. § 1591(a)(1), (b)(1). ECF Nos. 86, 87 & 88. The Court entered its judgment and sentence but deferred determination of restitution and forfeiture so it could conduct a hearing on the matter. ECF Nos. 140, 163.

Tillman and Campbell trafficked at least two victims together: W.A. and E.C. Tillman alone trafficked V.V., and the Government does not dispute that Tillman alone is responsible for the restitution owed to V.V. ECF No. 156 at 4.

The Government seeks restitution based on the average gross proceeds derived from trafficking the victims, which amounts to $81,600 for victim W.A.,

$81,600 for victim E.C., and $19,740 for victim V.V. ECF No. 156 at 9–11. While these figures represent an average for each victim, the Government also provides a low-and-high-end range based on the evidence in the record. *See id*. The Government asks the Court to impose joint and several liability on the restitution awarded to victim's W.A. and E.C. *Id*. The total restitution requested for Tillman thus equals $182,940. *Id*. The total restitution requested for which Campbell might be jointly and severally liable thus equals $163,200. *Id*.

The Government also seeks forfeiture in the form of a personal money judgment against both defendants. *Id*. Its forfeiture demand equals the total amount of restitution requested for each respective defendant; the Government also asks the Court to impose joint and several liability on the forfeiture award related to property derived from trafficking victims W.A. and E.C. *Id*.

Tillman and Campbell challenge the Government's restitution and forfeiture requests on several grounds, but mainly argue that the Government miscalculated the number of days they trafficked W.A. and E.C. and the amount of money they derived from their sex-trafficking scheme. They also disagree on whether the Court should impose joint and several liability. *See generally* ECF Nos. 168, 171. Campbell claims *Honeycutt v. United States*, 137 S. Ct. 1626 (2017) bars this court from imposing joint and several liability, though Tillman appears to take no position on the issue. ECF No. 168 at 4–6; *see generally* ECF No. 171. The Court will

discuss the specific facts supporting the Government's restitution and forfeiture requests as part of its analysis and will not duplicate all the relevant facts here.

## DISCUSSION

**A.    Amount of Restitution Award**

Courts must order restitution for sex trafficking crimes defined under chapter 77, the Trafficking and Violence Protection Act (TVPA). 18 U.S.C. § 1593(a); *United States v. Williams*, 783 F. App'x 269, 277 (4th Cir. 2019). The TVPA provides a defendant must pay their victims "the full amount of the victim's losses," which includes "the greater of the gross income or value to the defendant of the victim's services or labor or the value of the victim's labor as guaranteed under the minimum wage and overtime guarantees of the Fair Labor Standards Act [FLSA]."[1] *Id.* §§ 1593(b)(1), (3).

18 U.S.C. § 3664 governs procedure for issuance and enforcement of a restitution order. That statute "requires both that a district court set forth its reasons in resolving a dispute over restitution and that a restitution award, if one issues, be adequately supported by evidence in the record." *United States v. Tsosie*, 639 F.3d 1213, 1222 (9th Cir. 2011). But given "the remedial purposes underlying the

---

[1] Under the FLSA, a workweek is no longer than 40 hours, and if an employee works more than 40 hours, the employee is entitled to at least one and a half times the regular rate of compensation. 29 U.S.C. § 207(a)(1). Minimum wage is calculated at $7.25 per hour under 29 U.S.C. § 206(a)(1)(C). For individuals younger than 20 years old, the rate is $4.25 per hour under § 206(g)(1).

RESTITUTION AND FORFEITURE ORDER – 4

MVRA," the Ninth Circuit affords "'district courts a degree of flexibility in accounting for a victim's complete losses.'" *United States v. Waknine*, 543 F.3d 546, 557 (9th Cir. 2008) (quoting *United States v. Gordon*, 393 F.3d 1044, 1053 (9th Cir. 2004), *abrogated on other grounds by Lagos v. United States*, 138 S. Ct. 1684 (2018)). The Government need not prove the amount of restitution "with exactitude." *In re Sealed Case*, 702 F.3d 59, 66 (D.C. Cir. 2012). Instead, it must support its restitution order with "some reasonable certainty." *United States v. Monzel*, 641 F.3d 528, 540 (D.C. Cir. 2011) (quoting *United States v. Doe*, 488 F.3d 1154, 1160 (9th Cir. 2007)). Courts calculating restitution awards are thus entitled to rely on any evidence "bearing 'sufficient indicia of reliability to support its probable accuracy.'" *United States v. Baston*, 818 F.3d 651, 665 (11th Cir. 2016) (quoting *United States v. Singletary,* 649 F.3d 1212, 1217 n.21 (11th Cir. 2011)). For these reasons,

> § 3664(e)'s reference to a 'preponderance of the evidence' requires that, when there is a dispute as to restitution, a restitution order must be supported by evidence in the record showing that it is more likely than not that the defendant's offense proximately caused the losses for which restitution was awarded and that it did so in the amounts awarded.

*Tsosie*, 639 F.3d at 1222.

The Government calculated each victims' restitution award by multiplying (the average number of "dates" per day) by (the average fee per "date") by (the number of days each defendant trafficked each victim). ECF No 156 at 9–11. The

RESTITUTION AND FORFEITURE ORDER – 5

Court will thus analyze whether the Government has proven by a preponderance of the evidence (1) the average number of "dates" per day for each victim, (2) the average fee each victim charged per "date," and (3) the number of days each defendant trafficked each victim.

To begin with, the Government offers evidence that the victims went on between six and ten "dates" per day—seven days per week. ECF No. 156 at 10; ECF No. 172-4 at 3. Tillman argues the Court should disregard the victims' statements as "stale" and use only the "dates" established by contemporaneous communications on Facebook. ECF No. 171 at 5. Tillman extrapolates an estimated number of "dates" based on these communications. *See id*. But the defendants and victims likely did not record *all* their "dates" on Facebook. The Court finds that the victims' statements provide a reliable estimate of how many "dates" they averaged per day.

Even so, Campbell similarly claims the Government has not met its burden to proof and points the Court to *Tsosie*, 639 F.3d at 1222  (holding that the government failed adequately supply its reasons in resolving a dispute over a restitution award with adequate evidence in the record) and *Waknine*, 543 F.3d at 557 (holding that the government in a RICO conspiracy case offered insufficient evidence to prove more likely than not that the victims lost the amounts listed in their loss summaries). He insists that the Government must offer more specific and

reliable evidence. But again, the Court finds the victims' statements specific and reliable. *See Waknine*, 543 F.3d at 557 (holding that the district court may use only evidence that possesses sufficient indicia of reliability to support its probable accuracy).

Both Tillman and Campbell ask the Court to reduce that average number of "dates" because the victims did not always engage in a "commercial sex act" under § 1591. Rather, Tillman and Campbell contend that the victims turned "tricks" and set "traps" by essentially robbing "Johns" of their money without performing any commercial sex act. ECF No. 171 at 8; ECF No. 168 at 9; ECF No. 169 at 2. The Court finds these arguments unpersuasive. The victims themselves stated that they performed between six and ten commercial sex acts per day, which the Court finds credible.

The Government has therefore proven an approximate frequency of "dates"—between six and ten per day. *See* ECF No. 156 at 10. For the purposes calculating the restitution award, the Court will use the average as established by the Government, eight "dates" per day.

Turning to the fees charged for each "date," the Government offered evidence that W.A. and E.C. usually charged $140 per half hour and $200 per hour for their respective "dates." ECF No. 156 at 10. Tillman again contends the Court should use only the fee averaged through the Facebook record, which he calculates to equal

RESTITUTION AND FORFEITURE ORDER – 7

about $155 per "date." ECF No. 171 at 7. But the Government need not prove the amount of restitution "with exactitude." *In re Sealed Case*, 702 F.3d at 66. The Court finds the victims statements credible, so the Government has established the general fees that the victims charged. *See Tsosie*, 639 F.3d at 1222. The Court will thus use the average of the half hour and hourly rates established by the Government, $170 per "date."

Finally, the Government claims both defendants trafficked W.A. and E.C. each for 60 days between March 31, 2018 and May 29, 2018. ECF No. 156 at 10. Yet it failed to provide citations to the record to support the alleged date range for each victim. At the hearing, the Court asked the Government how it came up with this date range. The Government conveyed it calculated the range based on evidence in the police reports and in the presentence investigation report, but it could not provide the Court with specific citations to the record.

The Court thus combed the record to determine whether a preponderance of the evidence supports the Government's alleged date range for each victim. As for victim W.A., she

> said she met TILLMAN while staying at the Rodeway Inn located in Pasco, Washington. She went on to explain that she had been evicted from her apartment in the end of March 2018. . . . Around March 31, approximately two days after meeting him, W said TILLMAN approached her and brandished a firearm. W said TILLMAN threatened to hurt her friends if she didn't work for him.

ECF No. 172-3 at 2; *see also* ECF No. 73-1 at 23 ("W told me that she had been

RESTITUTION AND FORFEITURE ORDER – 8

kidnapped and sex trafficked in March of 2018 by a man named Robert Tillman. W stated that she got away from Tillman in May."). The Court thus finds that the Government supported the alleged start date for W.A., that is, March 31, 2018.

The Court also finds support for the alleged end date for W.A, May 29, 2018. Facebook communications reveal that W.A. was working for Tillman as of May 25, 2018. ECF No. 125-3 at 2. Tillman and Campbell stopped trafficking E.C. after the Lakewood Police Department arrested her on May 29, 2018. ECF No. 172-5. The arrest team noted that two males were watching E.C.'s hotel room but then took off running once they saw the police arrest her. ECF No. 172-5 at 5. This report coincides with W.A.'s story that Tillman packed up and left the hotel without saying anything while she was out to eat. ECF No. 172-3 at 4.

As for victim E.C., "E believed that it was April when she met TILLMAN, and shortly after their meeting her began talking to her about going on 'dates' for money." ECF No. 172-4 at 2. But W.A. reported that when she met Tillman, she was with her then boyfriend, "E.C., and E's boyfriend Brandon Campbell." ECF Nos. 172-3. E.C. told the police she agreed to go on "dates" at Campbell's urging because they both needed money. *Id.* "E said that her boyfriend, Brandon, would make the advertisements at the direction of TILLMAN." *Id*. at 2. Although the victims' statements appear loosely in conflict, the Court finds March 31, 2018 a credible estimated start date for both victims W.A. and E.C. Tillman and Campbell

RESTITUTION AND FORFEITURE ORDER – 9

stopped trafficking E.C. after the Lakewood Police Department arrested her on May 29, 2018 for prostitution, which tracks W.A.'s report that Tillman vanished while she was out to eat. ECF Nos. 172-5, 172-3.

The Court thus finds the Government has proven the amount of restitution owed to victims W.A. and E.C. by a preponderance of the evidence. The Government provides a high-and-low-end range of $50,400 to $120,000 for each victim. ECF No. 156 at 10–11. Even so, it essentially requests the average of this range. *See id*. For victims W.A. and E.C., the Government multiplied (8 "dates" per day) by ($170 per "date") by (60 days trafficked), which equals $81,600 owed to victim W.A. and $81,600 owed to victim E.C. *Id*. The Court thus imposes a restitution award in those amounts for each of these victims.

V.V. claims to have earned about $1000 per day, which tracks the figures calculated above. ECF No. 172-1 at 3. Tillman trafficked her for 15 days between April 2, 2018 and April 16, 2018. Both parties agree on the date range. ECF No. 156 at 9; ECF No. 171 at 1–2, 5. But the Government miscalculated the number of days. ECF No. 156 at 9. This date range equates to 15 days not 14, which Tillman concedes. ECF No. 171 at 1–2, 5. Multiplying (8 "dates" per day) by ($170 per "date")[2] by (15 days trafficked) equals $20,400. The Government proposes a

---

[2] The Court notes that the Government used a slightly different fee calculation for victim V.V., ECF No. 156 at 9, but the Court finds the $170 average used for the

RESTITUTION AND FORFEITURE ORDER – 10

restitution range of $13,440 and $28,000 based on the V.V.'s statements. The Court finds the Government has proven the restitution owed to victim V.V. by a preponderance of the evidence. It thus imposes a $20,400 a restitution award for victim V.V.

Tillman finally argues the restitution requested by the Government "boggles the imagination" because it basically means he had the earning potential of a millionaire. ECF No. 171 at 9. The Court finds this argument unpersuasive. Throughout the record, the victims emphasize that Tillman paid for necessary living expenses, supported their drug habits, and bought hotel rooms to facilitate their "dates," among other things. W.A. stressed that her travails "paid for [Tillman's] 'luxury living.'" ECF No. 172-3 at 3. "She believed TILLMAN received thousands of dollars from these men which he would spend on clothes, jewelry, phones and other items." *Id*. The Court also finds the restitution awarded here consistent with restitution awarded in similar sex-trafficking cases. *E.g.*, *United States v. Williams*, 319 F. Supp. 3d 812, 815 (E.D. Va. 2018), *aff'd*, 783 F. App'x 269 (4th Cir. 2019) ($119,300 total in restitution awarded to three minor victims); *United States v. Whitley*, 354 F. Supp. 3d 930, 938 (N.D. Ill. 2019) ($246,286.59 total in restitution awarded to four minor victims); *United States v. Lewis*, 791 F. Supp. 2d

---

other victims consistent with V.V.'s reporting as well. It will thus use the same average fee for victim V.V. as it applied to victims W.A. and E.C.

RESTITUTION AND FORFEITURE ORDER – 11

81 (D.D.C. 2011) (substantial restitution awarded to multiple victims). With that, the Court turns to the question of joint and several liability.

**B.  Joint and Several Liability Applies to the Restitution Awarded to Victims W.A. and E.C.**

Campbell claims he did not contribute to W.A.'s losses, so the Court should not find him jointly and severally liable under 18 U.S.C. § 3664 (h). ECF No. 168 at 2. The Court finds this argument unpersuasive.

Restitution orders under the TVPA "shall be issued and enforced in accordance with section 3664 in the same manner as an order under 3663A." 18 U.S.C. § 1593(b)(2). "[T]he express language of the MVRA [Mandatory Victim Restitution Act] allows joint and severable liability." *United States v. Rodriguez*, 915 F.3d 532, 536 (8th Cir. 2019).

> If the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution *or* may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant.

18 U.S.C. § 3664(h) (emphasis added). "While some aspects of mandatory restitution statutes are punitive, the primary purpose of such statutes is 'remedial or compensatory.'" *Id.* (quoting *Paroline v. United States*, 572 U.S. 434, 456, 134 S. Ct. 1710, 188 L.Ed.2d 714 (2014)). Courts thus have discretion on whether to impose joint and several liability. *See*, *e.g.*, *United States v. Brazier*, 933 F.3d 796, 805 (7th Cir. 2019) (the district court did not abuse its discretion in imposing joint

RESTITUTION AND FORFEITURE ORDER – 12

and several liability in a kidnapping case, "particularly since the focus of restitution, as distinct from prison terms, is more on compensation for the victim than on precise calibration of relative culpability among multiple defendants."); *United States v. Bogart*, 576 F.3d 565, 576 (6th Cir. 2009) ("[W]hile the district court has the option under § 3664(h) to apportion the restitution payment among defendants, . . . the district court did not abuse its discretion in holding [the defendants] jointly and severally liable for restitution to the victims of the conspiracy.").

Tillman and Campbell both pleaded guilty to sex-trafficking offenses defined under the TVPA. And the evidence shows that they both contributed to W.A. and E.C.'s losses by enticing, coercing, and exploiting these victims in a prostitution enterprise. Because both defendants contributed to W.A. and E.C.'s losses, the statute permits the Court to impose joint and several liability for the full restitution amount. *See* 18 U.S.C. § 3664(h). That said, the Government concedes Tillman is solely responsible for restitution to V.V. ECF No. 156 at 4.

The Court thus imposes joint and several liability on the restitution awarded to victims W.A. and E.C. Tillman shall remain solely liable for the restitution awarded to victim V.V.

C.  **Amount of Forfeiture Money Judgment**

The Government requests a forfeiture money judgment against Tillman in an amount equal to the total restitution award. *See* ECF No. 156 at 16–17. It also

RESTITUTION AND FORFEITURE ORDER – 13

appears to request a forfeiture money judgment against Campbell, but only for the amount he obtained in trafficking W.A. and E.C. *See id*. Tillman's memorandum does not even mention the Government's forfeiture claims. *See generally* ECF No. 171. Still, Campbell disputes the forfeiture amounts and the Government's request for joint and several liability. ECF No. 168 at 4–6.

In sex-trafficking cases, the Court must order forfeiture on top of any other sentence imposed. *See generally* 18 U.S.C. § 1594(d), (e). "Criminal forfeiture statutes empower the Government to confiscate property derived from or used to facilitate criminal activity." *Honeycutt*, 137 S. Ct. at 1631. "Such statutes serve important governmental interests such as 'separating a criminal from his ill-gotten gains,' 'returning property, in full, to those wrongfully deprived or defrauded of it,' and 'lessen[ing] the economic power" of criminal enterprises.'" *Id*. (alterations in original) (quoting *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 629–630 (1989)).

Since forfeiture proceedings are part of sentencing, the rules of evidence do not apply. *United States v. Sustaita*, 1 F.3d 950, 952 (9th Cir. 1993) (quoting *United States v. Notrangelo*, 909 F.2d 363, 365–66 (9th Cir. 1990) ("The procedural safeguards and evidentiary limitations afforded defendants in criminal trials are not required at sentencing.")). Courts may thus admit a broad range of evidence when determining forfeitability. *United States v. Alonso*, 48 F.3d 1536, 1545–46 (9th Cir.

RESTITUTION AND FORFEITURE ORDER – 14

1995).

The federal rules contemplate that the government may seek a money judgment in a criminal proceeding: "If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay." Fed. R. Crim. P. 32.2(b)(1)(A). In *United States v. Casey*, 444 F.3d 1071, 1077 (9th Cir. 2006), the Ninth Circuit held that "the government is entitled to a money judgment in criminal forfeiture cases, even when a defendant has no assets."[3] See also *United States v. Nejad*, 933 F.3d 1162, 1165–66 (9th Cir. 2019) (concluding *Honeycutt* does not preclude imposing personal money judgments). Like restitution awards, the Court need not calculate the forfeiture amount "'with precision[,] but rather need only make a reasonable estimate of the loss, given the available information.'" *United States v. Treacy*, 639 F.3d 32, 48 (2d Cir. 2011) (quoting *United States v. Uddin,* 551 F.3d 176, 180 (2d Cir. 2009)). It may also "make reasonable extrapolations from the evidence established by a preponderance of the evidence." *Id.*

Relevant here, the sex-trafficking forfeiture statute provides, in part: "Any property, real or personal, which constitutes or is derived from proceeds traceable

---

[3] "Requiring imposition of a money judgment on a defendant who currently possesses no assets furthers the remedial purposes of the forfeiture statute by ensuring that all eligible criminal defendants receive the mandatory forfeiture sanction Congress intended and disgorge their ill-gotten gains, even those already spent." *Id*. at 1074.

RESTITUTION AND FORFEITURE ORDER – 15

to any violation of this chapter . . . shall be subject to forfeiture to the United States and no property right shall exist in them." 18 U.S.C. § 1594(e)(1)(B).

As above, the Government has proven by a preponderance of the evidence that Tillman and Campbell derived $163,200 from proceeds traceable to trafficking W.A. and E.C. Tillman also derived $20,400 from proceeds traceable to trafficking V.V.

The Court therefore concludes personal money judgments against Tillman and Campbell are appropriate.

**D.    Joint and Several Liability Applies to the Forfeiture Money Judgment For Any Property Derived From Proceeds Traceable to Sex-Trafficking W.A. and E.C.**

The Government finally asks the Court to impose joint and several liability on the property Tillman and Campbell derived trafficking W.A. and E.C. Tillman makes no argument in response to the Government's request for joint and several liability. *See generally* ECF No. 171. Campbell claims *Honeycutt* bars this court from imposing joint and several liability. ECF No. 168 at 4-6.

In *Honeycutt*, 137 S. Ct. 1626, the Supreme Court held 21 U.S.C. § 853(a)(1) limits forfeiture—for crimes committed under that statutory regime—to proceeds the defendant *actually* obtained as the result of the crime and thus does not permit joint and several liability for property that one co-conspirator obtained from the crime but that the defendant himself did not obtain. Since *Honeycutt*, at least a

RESTITUTION AND FORFEITURE ORDER – 16

couple Circuits have extended its reasoning to similarly worded forfeiture statutes. *E.g.*, *United States v. Chittenden*, 896 F.3d 633, 640 (4th Cir. 2018) (holding that 18 U.S.C. § 982(a)(2) precludes joint and several forfeiture liability under *Honeycutt*); *United States v. Brown*, 694 Fed. Appx. 57, 57–58 (3d Cir. 2017) (same). But the Sixth Circuit held *Honeycutt*'s reasoning does not apply to 18 U.S.C. § 981(a)(1)(C) because that forfeiture provision lacks the phrase "the person obtained." *United States v. Sexton*, 894 F.3d 787, 799 (6th Cir.), *reh'g denied* (July 16, 2018), *cert. denied*, 139 S. Ct. 415, 202 L. Ed. 2d 320 (2018).

One provision of the sex-trafficking forfeiture statute uses nearly identical language to the forfeiture statute at issue in *Honeycutt*. *Compare* 18 U.S.C. § 1594(d)(2) (sex-trafficking forfeiture statute at issue here) *with* 21 U.S.C. § 853(a)(1) (forfeiture statute at issue in *Honeycutt*). So does one provision of the civil forfeiture statute at issue in *Sexton*. *See* 18 U.S.C. § 981(a)(1)(B).

Even so, as discussed above, another provision of the sex-trafficking forfeiture statute provides: "Any property, real or personal, which constitutes or is derived from proceeds traceable to any violation of this chapter . . . shall be subject to forfeiture to the United States and no property right shall exist in them." 18 U.S.C. § 1594(e)(1)(B). This language echoes the terms used in the civil forfeiture statute at issue in *Sexton*. *See* 894 F.3d at 799 (addressing 18 U.S.C. § 981(a)(1)(C)).

This case is like *Sexton*. Neither the provision at issue here nor the provision

RESTITUTION AND FORFEITURE ORDER – 17

at issue in *Sexton* "contain the phrase 'the person obtained,' which was the linchpin of the Supreme Court's decision in *Honeycutt*." See *Sexton*, 894 F.3d at 799. "While property must be connected, or 'traceable,' to the crime, it does not need to be property that the particular defendant received. As long as the property is connected to the crime, a defendant can be liable for property that his codefendant acquired." *Id*. The sex-trafficking forfeiture statute here is therefore distinguishable from the forfeiture statute at issue in *Honeycutt. See id*.

Tillman and Campbell both pleaded guilty to sex-trafficking offenses defined under the TVPA. The evidence shows that they both derived property (i.e., money)[4] from proceeds traceable to those offenses. *See* 18 U.S.C. § 1594(e)(1)(B).

The Court concludes that *Honeycutt*'s reasoning does apply to 18 U.S.C. § 1594(e)(1)(B) and finds Tillman and Campbell jointly and severally liable to the United States for $163,200, which reflects the property derived from proceeds traceable to their respective violations. *See* 18 U.S.C. § 1594(e)(1)(B).

Accordingly, **IT IS HEREBY ORDERED**:

1. Restitution in the amount of $81,600 is owed to victim W.A.

2. Restitution in the amount of $81,600 is owed to victim E.C.

---

[4] "Money is property." *Nixon v. Shrink Missouri Gov't PAC*, 528 U.S. 377, 398 (2000) (Stevens, J., concurring); *see also In re Louisville Nat. Banking Co.*, 158 F. 403, 404 (6th Cir. 1908) ("Money is property in its most available and efficient form.").

RESTITUTION AND FORFEITURE ORDER – 18

3. Restitution in the amount of $20,400 is owed to victim V.V.

4. Defendants Tillman (01) and Campbell (03) shall be jointly and severally liable for the restitution owed to victims W.A. and E.C.

5. Defendant Tillman shall be solely liable for the restitution owed to victim V.V.

6. Defendants' Tillman (01) and Campbell (03) shall jointly and severally forfeit to the United States a personal money judgment of $163,200 for trafficking W.A. and E.C.

7. Defendant Tillman (01) shall forfeit to the United States a personal money judgment of $20,400 for trafficking V.V.

8. The Court will enter an amended sentencing judgment for each defendant that incorporates the preceding restitution and forfeiture obligations.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel and the U.S. Probation Office.

**DATED** this 21st day of September 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge